Fahey, J.P., and Feradotto, J. (dissenting).
We respectfully dissent because, in our view, the evidence is legally insufficient to support defendant’s conviction of attempted robbery in the second degree beyond a reasonable doubt (Fenal Law §§ 100.00, *1073 160.10 [1], [2] [b]). We would therefore reverse the judgment and dismiss the indictment.
It is “an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof— defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense” (Jackson v Virginia, 443 US 307, 316 [1979], reh denied 444 US 890 [1979]). “An indispensable element of the crime of attempted robbery is an intent to forcibly steal property” (People v Mateo, 13 AD3d 987, 988 [2004], lv denied 5 NY3d 883 [2005]; see Penal Law § 160.00; People v Pagan, 81 AD3d 86, 91 [2010], affd 19 NY3d 91 [2012]; People v Miller, 87 NY2d 211, 214 [1995]). Thus, unlike, for example, an attempted burglary conviction (see People v Mahboubian, 74 NY2d 174, 193 [1989]), “[a] conviction of [attempted] robbery cannot stand without proof of specific intent to steal” (People v De Jesus, 123 AD2d 563, 564 [1986], lv denied 69 NY2d 745 [1987]; see People v Morales, 130 AD2d 366, 367-368 [1987]). Further, “[t]he use [or threatened use] of force alone is not evidence of an intention to steal” (People v Rivera, 184 AD2d 288, 291 [1992], appeal dismissed 81 NY2d 758 [1992]).
Here, we conclude that the evidence is legally insufficient to establish beyond a reasonable doubt that defendant specifically intended to commit robbery as charged in the indictment, i.e., that he intended to “forcibly steal property from an employee of the Wendy’s restaurant,” as opposed to any number of other crimes or misdeeds (see Mateo, 13 AD3d at 988; People v Sharpe, 222 AD2d 534, 534 [1995]; People v Lopez, 58 AD2d 516, 516 [1977]). Unlike many attempted robbery cases, here there is no post-arrest admission by defendant or his unidentified companion that their acts were committed with a specific criminal purpose (see People v Bracey, 41 NY2d 296, 301 [1977], rearg denied 41 NY2d 1010 [1977]; cf. People v Montanez, 57 AD3d 1366, 1367 [2008], lv denied 12 NY3d 857 [2009]; People v Stewart, 174 AD2d 583, 584 [1991], lv denied 78 NY2d 1081 [1991]). In some cases intent may be inferred from the act itself; however, “in many, if not most attempt cases, it will not be possible to look only at the act and its natural consequences to discover intent since by definition of a criminal attempt the ultimate consequences do not ensue” (Bracey, 41 NY2d at 301 [internal quotation marks omitted]). Here, the fact that defendant and his companion in this case knocked on the door of a closed restaurant while armed with handguns and wearing masks “does not unequivocally establish that [they] intended to *1074 commit a robbery” (id.). While it is quite unlikely that their intentions were innocent, defendant and his companion may have intended, for example, to kidnap, rape, assault, or menace an employee of the restaurant, or to gain entry to the restaurant to commit some other crime or mischief therein (see id.; see generally Mateo, 13 AD3d at 988; Matter of Amar A., 172 AD2d 426, 426 [1991], lv denied 79 NY2d 751 [1991]). “The act does not speak for itself, as it rarely will in the case of criminal attempt” (Bracey, 41 NY2d at 301).
Of course, “intent [may] also ‘be inferred from the defendant’s conduct and the surrounding circumstances’ ” (id.; see People v Steinberg, 79 NY2d 673, 682 [1992]; People v Durden, 219 AD2d 605, 606 [1995], lv denied 87 NY2d 900 [1995]). In Bracey (41 NY2d at 301), upon which the majority relies, the Court of Appeals noted that the fact that one of the defendants “entered a stationery store with a gun in his hand [did] not unequivocally establish that he intended to commit a robbery.” The Court concluded, however, that the conduct of the defendants, coupled with the surrounding circumstances, was sufficient to establish their intent to commit robbery (id. at 301-302). Of critical importance in Bracey were the defendants’ actions before one of the defendants entered the store brandishing a gun (see id. at 297-299, 302). Prior to that point in time, the defendants entered the store together, cased the area, and purchased a token amount of candy (id. at 297). They then left the store, walked around the corner, came back toward the store, and again turned around and walked in the opposite direction (id.). Thereafter, they approached a car parked nearby and one of the defendants, who was holding a canvas shoulder bag, entered the car and handed the bag to the other defendant (id.). That defendant returned to the store with the bag, from which he later withdrew the gun (id. at 297-298). Under those circumstances, the Court concluded that “the jury could well find that the defendants, who acted together throughout, had reconnoitered the store and returned to rob it. In fact the only thing that could have made this intention plainer was an actual demand for money” (id. at 301).
Here, by contrast, the evidence established only that defendant and a companion knocked on the back door to Wendy’s, and that they possessed what appeared to be handguns. There is no evidence of preparation or prior coordination on the part of defendant and his companion, no statements by defendant or his companion that evidence an intent to steal property, and no actions by either individual that specifically reflect a larcenous intent as opposed to general criminal intent (see Mateo, 13 AD3d *1075 at 988; Amar A., 172 AD2d at 426). The fact that defendant fled upon the arrival of the police does not add anything to the proof relative to his specific intent. Although evidence of flight from the police may very well indicate guilt on the part of the fleeing suspect (see generally People v Reynolds, 269 AD2d 735, 736 [2000], lv denied 95 NY2d 838 [2000], cert denied 531 US 945 [2000]), it does not tend to establish an intent to commit a specific crime. Further, when defendant was taken into custody, he was not found in possession of any items relevant to criminal intent; the police testified that his backpack contained clothing only. In our view, defendant’s “robbery conviction may not rest on so deficient an evidentiary foundation” (De Jesus, 123 AD2d at 564; cf. People v Bryant, 36 AD3d 517, 518 [2007], lv denied 8 NY3d 944 [2007]; People v Wilson, 10 AD3d 460, 461 [2004], lv denied 3 NY3d 743 [2004]; People v Tavares, 235 AD2d 325, 326 [1997]; People v Harris, 191 AD2d 643, 643-644 [1993], lv denied 81 NY2d 1014 [1993]).
The majority concludes that “there is 'not a reasonable possibility’ that [defendant] intended to” commit a crime other than robbery because, inter alia, there is no evidence that “defendant or his accomplice knew any of the Wendy’s employees” (emphasis added). We note, however, that none of the three employees testified that they did not recognize defendant; they testified only that they did not know an individual by the name of Jafari Lamont. More significantly, because defendant’s companion was wearing a mask at the time of the alleged robbery and was never apprehended or identified, we have no idea whether the companion knew one or more of the employees inside the restaurant that morning. Further, even if we concede (and we do not) that it is more probable than not that defendant and his companion were attempting to commit robbery, that is insufficient to sustain a criminal conviction (see generally Jackson, 443 US at 315-316).
In sum, we conclude that the evidence is legally insufficient to establish beyond a reasonable doubt that defendant intended to steal property from an employee of Wendy’s (see Mateo, 13 AD3d at 988; People v D’Agostino, 266 AD2d 227, 228 [1999], lv denied 94 NY2d 918 [2000]; Sharpe, 222 AD2d at 534). Alternatively, we conclude that County Court’s determination in this nonjury trial that the evidence presented by the People established defendant’s larcenous intent is against the weight of the evidence (see People v Farkas, 96 AD3d 873, 874-875 [2012]; People v Farrell, 61 AD3d 696, 697 [2009]). We would therefore reverse the judgment, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45. *1076 Present — Fahey, J.P., Peradotto, Lindley, Sconiers and Whalen, JJ.